# F I L E D

JUN 2 5 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| MARJORIE SOSKA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: |
| | ) | (Circuit Court McHenry County Illinois |
| | ) | Illinois, Court No.08 LA 197) |
| | ) | |
| SUNRISE SENIOR LIVING, INC., a | ) | **08 C 50 1 19** |
| foreign corporation, individually and d/b/a | ) | |
| THE FOUNTAINS AT CRYSTAL LAKE, | ) | Kapala |
| and THE FOUNTAINS AT CRYSTAL | ) | |
| LAKE, | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**NOW COME**, the Defendant, SUNRISE SENIOR LIVING, INC., by and through its

attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby remove this civil action, case number

08 LA 197 from the Circuit Court of McHenry County, Law Division, State of Illinois , to the United

States District Court for the Northern District of Illinois, Western Division, pursuant to 28 USC

§§1441 and 1332. In support thereof, the Defendant states as follows:

1.    This action was filed against the named Defendants in the Circuit Court of McHenry County,

Law Division, State of Illinois on May 19, 2008. (A copy of the Complaint at Law is attached

hereto and incorporated herein as "**Exhibit 1**"). A copy of the Complaint was served upon the

Defendant, SUNRISE SENIOR LIVING, INC., on May 29, 2008.  This notice is filed within

30 days after service of the Complaint upon the Defendant.

2.    Any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending. 28 USC §§1441.

3. The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and where there is complete diversity. 28 USC §§1332. There is complete diversity when, at the time that the action was commenced, every plaintiff is of diverse citizenship as every defendant. Id.

4. At the time the action was commenced, Plaintiff, MARJORIE SOSKA, was a citizen of the State of Illinois.

5. At the time this action was commenced, Defendant, SUNRISE SENIOR LIVING, INC, was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the state of Virginia.

6. At the time this action was commenced, named Defendant, THE FOUNTAINS AT CRYSTAL LAKE, was not a corporation or a partnership existing in the state of Illinois. (*See* Documentation from Illinois Secretary of State, attached hereto and incorporated herein as "**Group Exhibit 2**")

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff contends that Defendants' alleged negligence caused her to suffer great personal injury, surgery and scarring, permanent disability and disfigurement, physical and mental pain, and that as a result, she is unable to conduct her normal daily affairs of life and causing her to become liable for said medical care and lose income and other earnings. Based on this information, there is a good faith basis to assert that the amount in controversy exceeds the jurisdictional amount.

2

8.   Therefore, the United States District Courts have original jurisdiction for this civil action under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.   This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Western Division, which is the district and division in which the State action is pending.

10.  Defendant have attached to this Notice copies of process and pleadings that have been served upon it. (*See* Summons and Certificate of Service attached hereto and incorporated herein as "**Group Exhibit 3**")

   **WHEREFORE**, the Defendant, SUNRISE SENIOR LIVING, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the United States District Court for the Northern District of Illinois, Western Division for the reasons set forth above.

   Respectfully submitted,

   /s/ Daniel B. Mills
   PRETZEL & STOUFFER, CHARTERED
   One South Wacker Drive
   Suite 2500
   Chicago, IL 60606
   Telephone:    (312) 578-7524
   Fax:          (312) 346-8242
   Dmills@pretzel-stouffer.com
   *Attorney for Defendant*s

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MARJORIE SOSKA,                              )
                        Plaintiff,           )
        v.                                   )          State Court No.08 LA 197
                                             )
SUNRISE SENIOR LIVING, INC., a               )
foreign corporation, individually and d/b/a  )
THE FOUNTAINS AT CRYSTAL LAKE,               )
and THE FOUNTAINS AT CRYSTAL                 )
LAKE,                                        )
                        Defendants.          )

## ATTESTATION

Daniel B. Mills, Esq, being first duly sworn on oath, deposes and states as follows:

1.      I am the attorney for the defendant/petitioner, SUNRISE SENIOR LIVING, INC., in

this cause.

2.      I have prepared and read the Notice of Removal filed in this cause and have personal

knowledge of the facts and matters contained in it; and

3.      The facts and allegations contained in the Notice of Removal are true and correct to

the best of my knowledge.

Respectfully submitted,

 /s/Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:          (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

A copy of Defendants' **Notice of Removal, Civil Cover Sheet, Appearance and Answer to Complaint** was filed electronically this **25th day of June, 2008**. **Notice** of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

s/Daniel B. Mills _____
Daniel B. Mills (Illinois Bar No. 6201635)
Pretzel & Stouffer, Chartered
One South Wacker Drive-Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7524
Fax: (312) 346-8242
E-Mail: dmills@pretzel-stouffer.com
Attorneys for Defendant

**ATTORNEY FOR PLAINTIFF**
Scott B. Gibson
Gibson & Kopsick, Ltd.
415 West Washington Street, Suite 103
Waukegan, Illinois 60085
Phone: 847-263-5100
Fax: 847-249-7588
scott@gklawfirm.org

**GROUP EXHIBIT 1**

STATE OF ILLINOIS   )
                      )   SS.
COUNTY OF MCHENRY )

FILED

MAY 19 2008

VERNON W. KAYS, JR.
McHENRY CTY CIR. CLK.

IN THE CIRCUIT COURT OF THE TWENTY-SECOND
JUDICIAL CIRCUIT MCHENRY COUNTY, ILLINOIS

MARJORIE SOSKA,        )
                         )
         Plaintiff,    )
    v.                   )    GEN. NO. *08LA197*
                         )
SUNRISE SENIOR LIVING, INC., a )
foreign corporation, individually and )
d/b/a THE FOUNTAINS AT    )
CRYSTAL LAKE, and THE     )
FOUNTAINS AT CRYSTAL LAKE, )
                         )
        Defendants.   )

### PLAINTIFF'S COMPLAINT AT LAW

### COUNT I – NURSING HOME CARE ACT

Plaintiff, MARJORIE SOSKA, by GIBSON & KOPSICK, LTD., complains of the defendants, SUNRISE SENIOR LIVING, INC., a foreign corporation, individually and d/b/a THE FOUNTAINS AT CRYSTAL LAKE (hereafter "SUNRISE"), and THE FOUNTAINS AT CRYSTAL LAKE (hereafter "FOUNTAINS"), stating:

1. On, before, and after November 16, 2007, and at all times relevant, defendant FOUNTAINS owned, operated, maintained, and provided nursing services to residents for rehabilitative and nursing care as a 24-hour skilled nursing care rehabilitation center with a facility located at 1000 E. Brighton Lane, Crystal Lake, Illinois.

NOTICE
BY ADMINISTRATIVE ORDER 94-9
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM 201 ON
9-29 20 08 , AT 9:00 AM PM

2. On, before, and after November 16, 2007, and at all times relevant, defendant SUNRISE was a Delaware corporation which owned, operated, and maintained co-defendant "FOUNTAINS."

3. At that time and place, defendant FOUNTAINS was licensed by the State of Illinois as a private extended care facility.

4. At that time and place, defendant FOUNTAINS was subject to the terms of the Nursing Home Care Act, 210 ILCS 45/1-101, et. seq. (hereafter "the Act").

5. At that time and place, and at all times relevant, defendant FOUNTAINS was a "long-term care facility" within the meaning of § 1-113 of the Act and provided residential 24-hour skilled nursing, post-surgical, and rehabilitative care, including skilled and unskilled nursing care in providing the care and treatment for the needs of multiple residents including MARJORIE SOSKA.

6. At that time and place, and at all times relevant, MARJORIE SOSKA was a "resident" of FOUNTAINS within the meaning of § 1-122 of the Act.

7. MARJORIE SOSKA was born on April 11, 1925, and up until October 30, 2007, lived independently in her residence located at 77 S. Williams Street, Crystal Lake, Illinois.

8. On October 30, 2007, MARJORIE SOSKA fell, fracturing her arm.

9. Subsequently, MARJORIE SOSKA was admitted by her physicians as an inpatient at Northern Illinois Medical Center (hereafter "NIMC") due to injuries suffered from the broken arm including adverse reactions to medications causing auditory and visual hallucinations, confusion, and paranoia.

10. Sometime before November 15, 2007, MARJORIE SOSKA's physicians determined that she would need to be discharged from NIMC to a skilled nursing care rehabilitation facility for approximately one to two weeks of inpatient rehabilitation and therapy before being able to safely return to her personal residence.

11. Approximately on November 13, 2007, a representative of the defendant FOUNTAINS came to NIMC, reviewed MARJORIE SOSKA's inpatient NIMC medical chart, met with MARJORIE SOSKA, and discussed her needs and whether THE FOUNTAINS could accept her as a rehabilitative patient pursuant to the doctor's orders.

12. Thereafter, defendant FOUNTAINS, by and through its agents and employees, agreed to accept MARJORIE SOSKA as a direct transfer from NIMC to undergo rehabilitative care and therapy.

13. On November 15, 2007 at approximately 1:30 p.m., MARJORIE SOSKA was physically transferred from NIMC by ambulance to the defendant FOUNTAINS facility where she was admitted and assigned a patient room.

14. At that time and place, MARJORIE SOSKA and her daughter, Bonnie Weisenberger, met in the plaintiff's assigned room with a registered nurse and Bonnie explained to the registered nurse that MARJORIE SOSKA could not accurately follow commands and had been watched with a special "sitter" at NIMC because of the high fall risk and need for complete aid for all transfers.

15.    At that time and place, Bonnie explained to the nurse that MARJORIE SOSKA could not safely be left alone without an alarm, posey vest, restraints, or other apparatus to ensure that she would not fall if she was not being physically watched.

16.    At that time and place at approximately 7:00 p.m., defendants' agent or employee, "MYRNA," who was a certified nurse's aid explained to MARJORIE SOSKA, Bonnie Weisenberger, and the plaintiff's adult daughter Pam LaMontte that that particular bed did not have a safety alarm, but that "appropriate safety precautions would be implemented."

17.    On November 16, 2007 at approximately 9:00 a.m., plaintiff MARJORIE SOSKA fell when she attempted to get up out of her wheelchair which had been pushed into the common dining room.

18.    At that time and place, MARJORIE SOSKA's wheelchair did not have any type of an alarm system, posey vest, rails, or other restraints, and there were no agents or employees of the defendants assigned to or who were observing and watching her due to her high fall risk.

19.    On and before November 16, 2007, defendant FOUNTAINS was guilty of "neglect" in the care and treatment of MARJORIE SOSKA in that defendant by and through its agents and/or employees did not properly assess their patient, properly prepare for the admission of their patient, properly supervise their patient, failed to take required action in regard to MARJORIE SOSKA's fall risk, allowed MARJORIE SOSKA to be alone without any fall

protection at a time when they knew that she had a high risk for falls, and failed to implement required safety and fall precautions.

20.    As a direct and proximate result of the "neglect" by defendant FOUNTAINS, MARJORIE SOSKA suffered severe injuries, including fractures and surgery.

21.    As a direct and proximate result of the "neglect" by defendant FOUNTAINS, MARJORIE SOSKA sustained injuries and losses including the need for surgery and scarring, all of which are permanent and which have and will in the future cause her great pain and suffering, and which have and will in the future cause her to become permanently disfigured and disabled, and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, plaintiff MARJORIE SOSKA respectfully requests judgment against the defendants, and each of them, in an amount in excess of $50,000 in the Law Division of the Circuit Court of McHenry County, Illinois, plus all damages allowed under the Act including but not limited to attorney fees and costs.

## COUNT II -- NEGLIGENCE

Plaintiff, MARJORIE SOSKA, by GIBSON & KOPSICK, LTD., complains of the defendants, SUNRISE SENIOR LIVING, INC., a foreign corporation, individually and d/b/a THE FOUNTAINS AT CRYSTAL LAKE (hereafter "SUNRISE"), and THE FOUNTAINS AT CRYSTAL LAKE (hereafter "FOUNTAINS"), stating:

1-18. Plaintiff hereby incorporates Paragraphs One through Eighteen (1 – 18) of Count I as Paragraphs One through Eighteen (1 – 18) of this Count II, as if each were fully set forth herein.

19.    At that time and place, and at all times relevant, defendant FOUNTAINS, by and through its agents and employees, was negligent in one or more of the following respects:

    a. Failed to properly care for MARJORIE SOSKA;

    b. Failed to properly assess MARJORIE SOSKA;

    c. Failed to properly prepare for the admission of MARJORIE SOSKA;

    d. Failed to properly supervise MARJORIE SOSKA;

    e. Failed to take required action in regard to MARJORIE SOSKA's fall risk;

    f. Allowed MARJORIE SOSKA to be alone without any fall protection at a time when it knew that she had a high risk for falls;

    g. Failed to implement required safety and fall precautions.

20.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the defendants, and each of them, the plaintiff, MARJORIE SOSKA, sustained injuries and losses, including broken bones, surgery, and scarring, all of which are permanent and which have and will in the future cause her great pain and suffering and which have and will in the future cause her to become permanently disfigured and disabled and which have and will in the future cause her to lose income and earnings and other gains which she otherwise would have made and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, the plaintiff, MARJORIE SOSKA, respectfully requests judgment against the defendants, and each of them, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in the Law Division of the Circuit Court of McHenry County, Illinois, plus costs.

Scott B. Gibson

GIBSON & KOPSICK, LTD.
415 W. Washington St., #103
Waukegan, IL 60085
847/263-5100
Attorney No. 06182702

## ADDENDUM TO ALL COUNTS

1.      Exhibit "A" attached, is a statement from a qualified registered nurse who is a specialist in nursing home and rehabilitative care facility nursing that a reasonable and meritorious cause exists for the filing of this case.

2.      Exhibit "B" attached, is the affidavit of Attorney Scott B. Gibson stating that he has concluded, on the basis of the health professional's review and consultation, that there is a reasonable and meritorious cause for the filing of this action.

SCOTT B. GIBSON

GIBSON & KOPSICK, LTD.
Attorneys for Plaintiff
415 W. Washington St., #103
Waukegan, Illinois 60085
(847) 263-5100

<u>**EXPERT AFFIDAVIT UNDER OATH PURSUANT TO SECTION 2-622**</u>

I am a Registered Nurse who is licensed to practice nursing in the State of Illinois. I have been and continue to actively practice nursing for over 25 years including being Director of Nursing at a long-term care nursing facility. I have knowledge of the appropriate standard of care of registered nurses and nurses' assistants who render care and treatment to a person such as Marjorie Soska.

I have reviewed the following medical records in regard to Marjorie Soska:

- The Fountains at Crystal Lake
- Northern Illinois Medical Center

It is my opinion after reviewing the above-identified records and materials that based upon a reasonable degree of nursing certainty there is a reasonable and meritorious cause for the filing of a negligence lawsuit due to the violations of the standard of care by the nursing staff at The Fountains at Crystal Lake Nursing and Rehabilitation Center, Crystal Lake, Illinois.

In general, the basis for my opinion is that the nursing staff failed to provide the required standard of care for Marjorie Soska as follows:

- Failed to properly assess the patient
- Failed to properly prepare for the admission of the patient
- Failed to properly supervise the patient
- Failed to take required action in regard to Marjorie Soska's fall risk
- Allowed Marjorie Soska to be alone without any fall protection at a time when they knew that she had a high risk for falls
- Failed to implement required safety and fall precautions

The above departures from the required standard of care by the nursing staff of The Fountains at Crystal Lake Nursing and Rehabilitation Center were a cause of Marjorie Soska's injuries.

_[signature]_

Patricia DiFiglio, R.N.

5/1/08

## AFFIDAVIT OF PLAINTIFF'S ATTORNEY

Scott B. Gibson, being first duly sworn, states:

1.     The affiant is one of the attorneys for the plaintiff;

2.     Before filing this Complaint, affiant consulted and reviewed the facts of this case with a health professional who affiant believes is knowledgeable in the relevant issues involved in the this particular case;

3.     The respective reviewing health professional practices in the same specialty as the respective defendants.   The written affidavit of the reviewing health professional is attached hereto;

4.     Affiant has concluded on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for filing of this action.

SCOTT B. GIBSON

GIBSON & KOPSICK, LTD.
Attorneys for Plaintiff
415 W. Washington St., #103
Waukegan, Illinois  60085
(847) 263-5100
Attorney I.D. No.  06182702

EXHIBIT "B"

**GROUP EXHIBIT 2**



SERVICES        PROGRAMS        PRESS        PUBLICATIONS        DEPARTMENTS        CONTACT

## LP/LLLP/LLP/RLLP - SEARCH RESULTS

**Search Criteria: "THE FOUNTAINS AT CRYSTAL LAKE"**

| Entity Type | File Number | Name |
|---|---|---|
| LP MST | S010416 | **FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP** |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES    PROGRAMS    PRESS    **PUBLICATIONS**    DEPARTMENTS    CONTACT

## LP/LLLP FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP | **File Number** | S010416 |
| **Status** | VOLUNTARY CANCELLATION | **As of** | 06/22/2006 |
| **Entity Type** | LP/LLLP | **Type of LP/LLLP** | FOREIGN |
| **File Date** | 11/22/1995 | **Jurisdiction** | OK |
| **Agent Name** | C T CORPORATION SYSTEM | **Agent Change Date** | 11/22/1995 |
| **Agent Street Address** | 208 SO LASALLE ST, SUITE 814 | **Designated Office** | 965 N. BRIGHTON CIRCLE WEST CRYSTAL LAKE IL 60012-0000 |
| **Agent City** | CHICAGO | **Duration** | PERPETUAL |
| **Agent Zip** | 60604-1101 | **Annual Report Filing Date** | 11/17/2005 |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## CORP/LLC - CERTIFICATE OF GOOD STANDING

**Your search for The Fountains at Crystal Lake, did not match any records in the Corporation/LLC-GS Search database.**

**Please try again.**

**Return to Search**

**BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE**

**GROUP EXHIBIT 3**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/29/2008
CT Log Number 513475804

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**   Kim Wilburn
Sunrise Senior Living, Inc.
7902 Westpark Drive
McLean, VA 22102

**RE:**   **Process Served in Illinois**

**FOR:**   Sunrise Senior Living, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marjorie Soska, Pltf. vs. Sunrise Senior Living, Inc., etc., and The Fountains at Crystal Lake, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Attachment(s) (2 sets), Exhibit(s), Addendum |
| **COURT/AGENCY:** | McHenry County - 22nd Judicial Circuit Court, IL<br>Case # 08LA197 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Dfts. did not implement in required safety and fall precautions prior to pltf.'s arrival which resulted in a fall from pltf's wheelchair on 11/16/07 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/29/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service - Answer/Appearance // 09/29/08 at 9:00 a.m. - Scheduling Conference |
| **ATTORNEY(S) / SENDER(S):** | Scott B. Gibson<br>Gibson & Kopsick, Ltd.<br>415 W. Washington St.<br>#103<br>Waukegan, IL 60085<br>847-263-5100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791076765200<br>Image SOP - Page(s): 15<br>Email Notification, Kim Wilburn kimberly.wilburn@sunriseseniorliving.com<br>Email Notification, Michael Stein michael.stein@sunriseseniorliving.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / TC

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion.

*SUMMONS – 30 DAY*
IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

(Name all parties)
Plaintiff(s)

MARJORIE SOSKA,

|  |  |
|---|---|
| vs. | Case Number _08LA197_ |
| | Amount Claimed $_Excess of $50,000_ |
| SUNRISE SENIOR LIVING, INC., a foreign corporation, individually and d/b/a THE FOUNTAINS AT CRYSTAL LAKE, and THE FOUNTAINS AT CRYSTAL LAKE | Please Serve: Sunrise Senior Living, Inc., by its Registered Agent: CT Corporation System 208 S. LaSalle St., #814, Chicago, IL 60604 |
| Defendant(s) | The Fountains at Crystal Lake by its Registered Agent: CT Corporation System 208 S. LaSalle St., #814, Chicago, IL 60604 |

# SUMMONS

**To each defendant:**

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

        (SEAL)

WITNESS _May 19_ 20_08_

_Vernon W. Kays Jr._
Clerk of the Circuit Court

---

Plaintiff's attorney or plaintiff if he is not represented by an attorney

| | |
|---|---|
| Name _Scott B. Gibson / Gibson & Kopsick, Ltd._ | Prepared by _Scott B. Gibson / Gibson & Kopsick, Ltd._ |
| Attorney for _Plaintiff_ | Attorney for _Plaintiff_ |
| Address _415 W. Washington St., #103_ | Attorney Registration No. _06182702_ |
| City, State Zip _Waukegan, IL 60085_ | |
| Telephone _847/263-5100_ | |

CV-SUM9 2/8/01

**SHERIFF'S FEES**

Service and return    $ _____

Miles _____    $ _____

     Total Sheriff's Fees    $ _____

_____

Sheriff of _____ County

## I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANTS AS FOLLOWS:

**(a) INDIVIDUAL DEFENDANTS – PERSONAL:**

The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.

_____

_____

_____

**(b) INDIVIDUAL DEFENDANTS – ABODE:**

By leaving a copy of the summons and of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years and upwards, informing that person of the contents of the summons. The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully pre-paid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(c) CORPORATION DEFENDANTS:**

By leaving a copy of the summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) OTHER SERVICE**

_____

_____

_____, Sheriff of _____ County