F I L E D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

JUN 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MARJORIE SOSKA,                          )
                          Plaintiff,     )
        v.                               )        Civil Action No.:
                                         )        (Circuit Court McHenry County Illinois
                                         )        Illinois, Court No.08 LA 197)
                                         )
SUNRISE SENIOR LIVING, INC., a           )              0ö C5.0 1 19
foreign corporation, individually and d/b/a )
THE FOUNTAINS AT CRYSTAL LAKE, )                    Kapala
and THE FOUNTAINS AT CRYSTAL             )
LAKE,                                    )
                          Defendants.    )

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COME, the Defendants, SUNRISE SENIOR LIVING, INC., by and through its

attorneys, PRETZEL & STOUFFER, CHARTERED, and for its Answer to Plaintiff's Complaint,

so state the following:

### COUNT I
### -Nursing Home Care Act-

1.      On, before, and after November 16, 2007, and at all times relevant, defendant

FOUNTAINS owned, operated, maintained, and provided nursing services to residents for

rehabilitative and nursing care as a 24-hour skilled nursing care rehabilitation center with a facility

located at 1000 East Brighton Lane, Crystal Lake, Illinois.

**ANSWER**:     Defendant denies the allegations contained in paragraph 1 of Count 1.

2.      On, before, and after November 16, 2007, and at all times relevant, defendant

SUNRISE was a Delaware corporation which owned, operated, and maintained co-defendant

1

"FOUNTAINS."

**ANSWER**:    Defendant only admits that it was a valid and existing Delaware Corporation licensed to do business in Illinois. Defendant denies all of the remaining allegations contained in Paragraph 2 of Count I.

3.      At that time and place, defendant FOUNTAINS was licensed by the State of Illinois as a private extended care facility.

**ANSWER**:    Defendant denies the allegations contained in paragraph 3 of Count I.

4.      At that time and place, defendant FOUNTAINS was subject to the terms of the Nursing Home Care Act, 210 ILCS 45/1-101, et. seq. (hereafter "the Act").

**ANSWER**:    Defendant denies the allegations contained in paragraph 4 of Count I.

5.      At that time and place, and at all times relevant, defendant FOUNTAINS was a "long-term care facility" within the meaning of §1-113 of the Act and provided residential 24-hour skilled nursing, post-surgical, and rehabilitative care, including skilled and unskilled nursing care in providing the care and treatment for the needs of multiple residents including MARJORIE SOSKA.

**ANSWER**:    Defendant denies the allegations contained in paragraph 5 of Count I.

6.      At that time and place, and at all times relevant, MARJORIE SOSKA was a "resident" of FOUNTAINS within the meaning of §1-122 of the Act.

**ANSWER**:    Defendant admits only that MARJORIE SOSKA was a resident at a facility commonly known as The Fountains at Crystal Lake. Defendant denies each and every remaining allegation contained in paragraph 6 of Count 1.

7.      MARJORIE SOSKA was born on April 11, 1925, and up until October 30, 2007,

2

lived independently in her residence located at 77 S. Williams Street, Crystal Lake, Illinois.

**ANSWER**:　　Defendant has no knowledge sufficient to form an opinion as to the truth or falsity

of the allegations contained in paragraph 7 of Count I. Therefore, Defendant neither

admits nor denies the allegations, but demands strict proof thereof.

8.　　On October 30, 2007, MARJORIE SOSKA fell, fracturing her arm.

**ANSWER**:　　Defendant has no knowledge sufficient to form an opinion as to the truth or falsity

of the allegations contained in paragraph 8 of Count I. Therefore, Defendant neither

admits nor denies the allegations, but demands strict proof thereof.

9.　　Subsequently, MARJORIE SOSKA was admitted by her physicians as an inpatient

at Northern Illinois Medical Center (hereafter "NIMC") due to injuries suffered from the broken arm

including adverse reactions to medications causing auditory and visual hallucinations, confusion,

and paranoia.

**ANSWER**:　　Defendant has no knowledge sufficient to form an opinion as to the truth or falsity

of the allegations contained in paragraph 9 of Count I. Therefore, Defendant neither

admits nor denies the allegations, but demands strict proof thereof.

10.　　Sometime before November 15, 2007, MARJORIE SOSKA's physicians determined

that she would need to be discharged from NIMC to a skilled nursing care rehabilitation facility for

approximately one to two weeks of inpatient rehabilitation and therapy before being able to safely

return to her personal residence.

**ANSWER**:　　Defendant has no knowledge sufficient to form an opinion as to the truth or falsity

of the allegations contained in paragraph 10 of Count I. Therefore, Defendant

neither admits nor denies the allegations, but demands strict proof thereof.

3

11.     Approximately on November 13, 2007, a representative of the defendant FOUNTAINS came to NIMC, reviewed MARJORIE SOSKA's inpatient NIMC medical chart, met with MARJORIE SOSKA, and discussed her needs and whether THE FOUNTAINS could accept her as a rehabilitative patient pursuant to the doctor's orders.

**ANSWER**:     Defendant denies the allegations contained in paragraph 11 of Count I.

12.     Thereafter, defendant FOUNTAINS, by and through its agents and employees, agreed to accept MARJORIE SOSKA as a direct transfer from NIMC to undergo rehabilitative care and therapy.

**ANSWER**:     Defendant denies the allegations contained in paragraph 12 of Count I.

13.     On November 15, 2007, at approximately 1:30 p.m., MARJORIE SOSKA was physically transferred from NIMC by ambulance to the defendant FOUNTAINS facility where she was admitted and assigned a patient room.

**ANSWER**:     Defendant denies the allegations contained in paragraph 13 of Count I.

14.     At that time and place, MARJORIE SOSKA and her daughter, Bonnie Weisenberger, met in the plaintiff's assigned room with a registered nurse and Bonnie explained to the registered nurse that MARJORIE SOSKA could not accurately follow commands and had been watched with a special "sitter" at NIMC because of the high fall risk and need for complete aid for all transfers.

**ANSWER**:     Defendant denies the allegations contained in paragraph 14 of Count I.

15.     At that time and place, Bonnie explained to the nurse that MARJORIE SOSKA could not safely be left alone without an alarm, posey vest, restraints, or other apparatus to ensure that she would not fall if she was not being physically watched.

**ANSWER**:     Defendant denies the allegations contained in paragraph 15 of Count I.

4

16.     At that time and place at approximately 7:00 p.m., defendants' agent or employee, "MYRNA," who was a certified nurse's aid explained to MARJORIE SOSKA, Bonnie Weisenberger, and the plaintiff's adult daughter Pam LaMontte that that particular bed did not have a safety alarm, but that "appropriate safety precautions would be implemented."

**ANSWER**:    Defendant denies the allegations contained in paragraph 16 of Count I.

17.     On November 16, 2007 at approximately 9:00 a.m., plaintiff MARJORIE SOSKA fell when she attempted to get up out of her wheelchair which had been pushed into the common dining room.

**ANSWER**:    Defendant admits only that Marjorie Soska fell on or about November 16, 2007. Defendant has no knowledge sufficient to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph 17 of Count I. Therefore, Defendant neither admits nor denies these remaining allegations, but demand strict proof thereof.

18.     At that time and place, MARJORIE SOSKA's wheelchair did not have any type of an alarm system, posey vest, rails, or other restraints, and there were no agents or employees of the defendants assigned to or who were observing and watching her due to her high fall risk.

**ANSWER**:    Defendant denies the allegations contained in paragraph 18 of Count I.

19.     On or before November 16, 2007, defendant FOUNTAINS was guilty of "neglect" in the care and treatment of MARJORIE SOSKA in that defendant by and through its agents and/or employees did not properly assess their patient, properly prepare for the admission of their patient, properly supervise their patient, failed to take required action in regard to MARJORIE SOSKA's fall risk, allowed MARJORIE SOSKA to be alone without any fall protection at a time when they

5

knew that she had a high risk for falls, and failed to implement required safety and fall precautions.

**ANSWER**:    Defendant denies each and every allegation contained in paragraph 19 of Count I.

20.    As a direct and proximate result of the "neglect" by defendant FOUNTAINS, MARJORIE SOSKA suffered severe injuries, including fractures and surgery.

**ANSWER**:    Defendant denies each and every allegation contained in paragraph 20 of Count I.

21.    As a direct and proximate result of the "neglect" by defendant FOUNTAINS, MARJORIE SOSKA sustained injuries and losses including the need for surgery and scarring, all of which are permanent and which have and will in the future cause her great pain and suffering, and which have and will in the future cause her to become permanently disfigured and disabled, and which have and will in the future cause her to become liable for medical expenses.

**ANSWER**:    Defendant denies each and every allegation contained in paragraph 21 of Count I.

WHEREFORE, the Defendant, SUNRISE SENIOR LIVING, INC., denies that the plaintiff is entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT II

### -Negligence-

1-18.    Plaintiff hereby incorporates Paragraphs One through Eighteen (1-18) of Count I as Paragraphs One through Eighteen (1-18) of this Count II, as if each were fully set forth herein.

**ANSWER:**    Defendant incorporates its answer to paragraphs 1-18 of Count I as if re-stated herein as its answers to plaintiff's paragraphs 1-18 of Count II.

19.    At that time and place, and at all times relevant, defendant FOUNTAINS, by and through its agents and employees, was negligent in one or more of the following respects:

a.    Failed to properly care for MARJORIE SOSKA;

6

b.    Failed to properly assess MARJORIE SOSKA;

c.    Failed to properly prepare for the admission of MARJORIE SOSKA;

d.    Failed to properly supervise MARJORIE SOSKA;

e.    Failed to take required action in regard to MARJORIE SOSKA's fall risk;

f.    Allowed MARJORIE SOSKA to be alone without any fall protection at a time when it knew that she had a high risk for falls;

g.    Failed to implement required safety and fall precautions.

**ANSWER**:    Defendant denies each and every allegation contained in paragraph 19 of Count II, and specifically denies subsections (a) through (g), inclusive.

20.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the defendants, and each of them, the plaintiff, MARJORIE SOSKA, sustained injuries and losses, including broken bones, surgery, and scarring, all of which are permanent and which have and will in the future cause her great pain and suffering and which have and will in the future cause her to become permanently disfigured and disabled and which have and will in the future cause her to lose income and earnings and other gains which she otherwise would have made and which have and will in the future cause her to become liable for medical expenses.

**ANSWER**:    Defendant denies each and every allegation contained in paragraph 20 of Count II.

WHEREFORE, the Defendant, SUNRISE SENIOR LIVING, INC., denies that the plaintiff is entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

Respectfully submitted,

/s/ Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:          (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*

7