IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE SOSKA, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Civil Action No.: 3:08-CV-50119 |
| | ) | |
| | ) | |
| | ) | |
| SUNRISE SENIOR LIVING, INC., a | ) | Judge Frederick J. Kapala |
| foreign corporation, individually and d/b/a | ) | Magistrate Judge P. Michael Mahoney |
| THE FOUNTAINS AT CRYSTAL LAKE, | ) | |
| and THE FOUNTAINS AT CRYSTAL | ) | |
| LAKE, | ) | |
|     Defendants. | ) | |

**AGREED PROPOSED CASE MANAGEMENT ORDER**

NOW COMES Plaintiff, MARJORIE SOSKA, and Defendants, SUNRISE SENIOR LIVING, INC. and THE FOUNTAINS AT CRYSTAL LAKE, by and through their respective attorneys, and for their Agreed Proposed Case Management Order. In support thereof, the parties state as follows:

I.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in 3:08-CV-50119 on August 11, 2008 and was attended by: Scott Gibson for plaintiff Marjorie Soska and Pedro Koe-Krompecher for defendants Sunrise Senior Living Management, Inc. and The Fountains at Crystal Lake.

II. The Fed. R. Civ. P. 26(a)(1) material will be exchanged by **September 3, 2008.**

III. Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.
    **Parties request this case be excused from ADR**.

IV.  Discovery Plan. The parties jointly propose to the court the following discovery plan:
   A.   Discovery will be needed on the following subjects:
      1.   Plaintiff's medical history before November 15, 2007;
      2.   Plaintiff's physical abilities and limitations, social interactions and involvements, and daily routines before November 15, 2007;
      3.   Facts surrounding plaintiff's allegations of negligence;
      4.   Plaintiff's medical treatment, presentations and recovery subsequent to November 16, 2007; and
      5.   Plaintiff's calculation of damages.

   B.   Maximum of **30** interrogatories by each party to any other party.

   C.   Maximum of **20** requests for admission by each party to any other party.

   D.   Maximum of **10 depositions by Plaintiff** and **10 depositions by Defendants**.

   E.   Each deposition [other than of Plaintiff] shall be limited to ____ hours unless extended by agreement of the parties.

   F.   Fact discovery cut-off is set for **April 27, 2009.**

   G.   Report from retained expert for the Plaintiff under Rule 26(a)(2) due **May 27, 2009.** Depositions of Plaintiff's expert shall be taken by **June 27, 2009.** Report from retained expert(s) for Defendants under Rule 26(a)(2) due **July 27, 2009.** Depositions of Defendants expert(s) shall be taken by **August 27, 2009.** Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

   H.   All discovery shall be cut off by **August 27, 2009.**

   I.   Time for the parties to amend pleadings and add counts or parties is hereby established as **January 27, 2009.** Counsel for Defendants has advised plaintiff that the named defendants are improper. The manager of The Fountains at Crystal Lake is Sunrise Senior Living Management, Inc. and the licensee is Sunrise IV Crystal Lake SL, LLC. Parties are discussing an appropriate stipulation in this regard.

   J.   The parties suggest the next discovery conference with the court be **March 27, 2009.**

   Respectfully submitted,

| | |
|---|---|
| **/s/ Scott B. Gibson** | **/s/Daniel B. Mills** |
| Scott B. Gibson | Daniel B. Mills |
| Gibson & Kopsick, Ltd. | Pretzel & Stouffer, Chartered |
| 415 West Washington Street, #103 | One South Wacker Drive, Suite 2500 |
| Waukegan, Illinois 60085 | Chicago, Illinois 60606 |
| (847) 263-5100 | (312)578-7897 |
| (847) 249-7588 fax | (312)346-8242 fax |
| attorneys@gklawfirm.org | DMills@pretzel-stouffer.com |
| Attorney for Plaintiff | Attorney for Defendant |

## CERTIFICATE OF SERVICE

A copy of Defendants' **Agreed Proposed Case Management Order** was filed electronically this **25th day of August, 2008. Notice** of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

s/Daniel B. Mills
Daniel B. Mills (Illinois Bar No. 6201635)
Pretzel & Stouffer, Chartered
One South Wacker Drive-Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7524
Fax: (312) 346-8242
E-Mail: dmills@pretzel-stouffer.com
Attorneys for Defendant

**ATTORNEY FOR PLAINTIFF**
Scott B. Gibson
Gibson & Kopsick, Ltd.
415 West Washington Street, Suite 103
Waukegan, Illinois  60085
Phone: 847-263-5100
Fax: 847-249-7588
scott@gklawfirm.org