IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE A. SOSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | GEN. NO.  3:08-cv-50119 |
| | ) | |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, individually, and d/b/a THE FOUNTAINS AT CRYSTAL LAKE, and SUNRISE IV CRYSTAL LAKE SL, LLC, a foreign corporation, individually, and d/b/a THE FOUNTAINS AT CRYSTAL LAKE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED COMPLAINT AT LAW**

**COUNT I – NURSING HOME CARE ACT**

Plaintiff, MARJORIE SOSKA, by GIBSON & KOPSICK, LTD., complains of the defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, individually, and d/b/a THE FOUNTAINS AT CRYSTAL LAKE (hereafter "SUNRISE MGMT"), and SUNRISE IV CRYSTAL LAKE SL, LLC, a foreign corporation, individually, and d/b/a THE FOUNTAINS AT CRYSTAL LAKE, (hereafter "SUNRISE CRYSTAL LAKE"), stating:

1. On, before, and after November 16, 2007 and at all times relevant, defendant SUNRISE CRYSTAL LAKE was a corporation that was licensed to do business in the State of Illinois, that was the licensee of a skilled nursing rehabilitation center which owned, operated, maintained, and provided nursing services to residents for rehabilitative and nursing care as a 24-hour skilled

nursing care rehabilitation center with a facility located at 1000 E. Brighton Lane, Crystal Lake, Illinois, and doing business as THE FOUNTAINS AT CRYSTAL LAKE.

2. On, before, and after November 16, 2007, and at all times relevant, defendant SUNRISE MGMT was a corporation licensed to do business in the State of Illinois, which managed, operated, and maintained said skilled nursing home facility commonly known as THE FOUNTAINS AT CRYSTAL LAKE.

3. For the purposes of identifying the above-stated skilled nursing rehabilitation center throughout Plaintiff's Amended Complaint at Law, it will be identified as being defendant FOUNTAINS.

4. Plaintiff originally filed her Complaint at Law in the McHenry County State Court pursuant to the Illinois Nursing Home Care Act in Count I and alleging negligence in Count II – subsequently, defendant FOUNTAINS filed a Motion to remove said Complaint from State Court to Federal Court, based upon diversity jurisdiction and venue.

5. On, before, and after November 16, 2007, and at all times relevant, Illinois State Law, including but not limited to the Illinois Nursing Home Care Act (210 ILCS 45/1 – 101 et. seq.) and Illinois State Negligence Law, controls the substantive law of the case herein.

6. At that time and place, defendant FOUNTAINS was licensed by the State of Illinois as a private extended care facility.

7. At that time and place, defendant FOUNTAINS was subject to the terms of the Nursing Home Care Act, 210 ILCS 45/1-101, et. seq. (hereafter "the Act").

8. At that time and place, and at all times relevant, defendant FOUNTAINS was a "long-term care facility" within the meaning of § 1-113 of the Act and provided residential 24-hour skilled nursing, post-surgical, and rehabilitative care, including skilled and unskilled nursing care in providing the care and treatment for the needs of multiple residents including MARJORIE SOSKA.

9. At that time and place, and at all times relevant, MARJORIE SOSKA was a "resident" of FOUNTAINS within the meaning of § 1-122 of the Act.

10. MARJORIE SOSKA was born on April 11, 1925, and up until October 30, 2007, lived independently in her residence located at 77 S. Williams Street, Crystal Lake, Illinois.

11. On October 30, 2007, MARJORIE SOSKA fell, fracturing her arm.

12. Subsequently, MARJORIE SOSKA was admitted by her physicians as an inpatient at Northern Illinois Medical Center (hereafter "NIMC") due to injuries suffered from the broken arm including adverse reactions to medications causing auditory and visual hallucinations, confusion, and paranoia.

13. Sometime before November 15, 2007, MARJORIE SOSKA's physicians determined that she would need to be discharged from NIMC to a skilled nursing care rehabilitation facility for approximately one to two weeks of inpatient rehabilitation and therapy before being able to safely return to her personal residence.

14. Approximately on November 13, 2007, a representative of the defendant FOUNTAINS came to NIMC, reviewed MARJORIE SOSKA's inpatient NIMC medical chart, met with MARJORIE SOSKA, and discussed her needs and

whether THE FOUNTAINS could accept her as a rehabilitative patient pursuant to the doctor's orders.

15. Thereafter, defendant FOUNTAINS, by and through its agents and employees, agreed to accept MARJORIE SOSKA as a direct transfer from NIMC to undergo rehabilitative care and therapy.

16. On November 15, 2007 at approximately 1:30 p.m., MARJORIE SOSKA was physically transferred from NIMC by ambulance to the defendant FOUNTAINS facility where she was admitted and assigned a patient room.

17. At that time and place, MARJORIE SOSKA and her daughter, Bonnie Weisenberger, met in the plaintiff's assigned room with a registered nurse and Bonnie explained to the registered nurse that MARJORIE SOSKA could not accurately follow commands and had been watched with a special "sitter" at NIMC because of the high fall risk and need for complete aid for all transfers.

18. At that time and place, Bonnie explained to the nurse that MARJORIE SOSKA could not safely be left alone without an alarm, posey vest, restraints, or other apparatus to ensure that she would not fall if she was not being physically watched.

19. At that time and place at approximately 7:00 p.m., defendants' agent or employee, "MYRNA," who was a certified nurse's aid explained to MARJORIE SOSKA, Bonnie Weisenberger, and the plaintiff's adult daughter Pam LaMontte that that particular bed did not have a safety alarm, but that "appropriate safety precautions would be implemented."

4

20. On November 16, 2007 at approximately 9:00 a.m., plaintiff MARJORIE SOSKA fell when she attempted to get up out of her wheelchair which had been pushed into the common dining room.

21. At that time and place, MARJORIE SOSKA's wheelchair did not have any type of an alarm system, posey vest, rails, or other restraints, and there were no agents or employees of the defendants assigned to or who were observing and watching her due to her high fall risk.

22. On and before November 16, 2007, defendant FOUNTAINS was guilty of "neglect" in the care and treatment of MARJORIE SOSKA in that defendant by and through its agents and/or employees did not properly assess their patient, properly prepare for the admission of their patient, properly supervise their patient, failed to take required action in regard to MARJORIE SOSKA's fall risk, allowed MARJORIE SOSKA to be alone without any fall protection at a time when they knew that she had a high risk for falls, and failed to implement required safety and fall precautions.

23. As a direct and proximate result of the "neglect" by defendant FOUNTAINS, MARJORIE SOSKA suffered severe injuries, including fractures and surgery.

24. As a direct and proximate result of the "neglect" by defendant FOUNTAINS, MARJORIE SOSKA sustained injuries and losses including the need for surgery and scarring, all of which are permanent and which have and will in the future cause her great pain and suffering, and which have and will in

the future cause her to become permanently disfigured and disabled, and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, plaintiff MARJORIE A. SOSKA respectfully requests judgment against the defendants, and each of them, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in the United States District Court for the Northern District of Illinois, Western Division, plus all damages allowed under the Act including but not limited to attorney fees and costs.

### COUNT II – NEGLIGENCE

Plaintiff, MARJORIE A. SOSKA, by GIBSON & KOPSICK, LTD., complains of the defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, individually, and d/b/a THE FOUNTAINS AT CRYSTAL LAKE (hereafter "SUNRISE MGMT"), and SUNRISE IV CRYSTAL LAKE SL, LLC, a foreign corporation, individually, and d/b/a THE FOUNTAINS AT CRYSTAL LAKE, (hereafter "SUNRISE CRYSTAL LAKE"), stating:

1-21. Plaintiff hereby incorporates Paragraphs One through Twenty-One (1 – 21) of Count I as Paragraphs One through Twenty-One (1 – 21) of this Count II, as if each were fully set forth herein.

22. At that time and place, and at all times relevant, defendant FOUNTAINS, by and through its agents and employees, was negligent in one or more of the following respects:

    a. Failed to properly care for MARJORIE SOSKA;
    b. Failed to properly assess MARJORIE SOSKA;
    c. Failed to properly prepare for the admission of MARJORIE SOSKA;

      d. Failed to properly supervise MARJORIE SOSKA;

      e. Failed to take required action in regard to MARJORIE SOSKA's fall risk;

      f. Allowed MARJORIE SOSKA to be alone without any fall protection at a time when it knew that she had a high risk for falls;

      g. Failed to implement required safety and fall precautions.

23. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the defendants, and each of them, the plaintiff, MARJORIE SOSKA, sustained injuries and losses, including broken bones, surgery, and scarring, all of which are permanent and which have and will in the future cause her great pain and suffering and which have and will in the future cause her to become permanently disfigured and disabled and which have and will in the future cause her to lose income and earnings and other gains which she otherwise would have made and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, the plaintiff, MARJORIE SOSKA, respectfully requests judgment against the defendants, and each of them, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in the United States District Court for the Northern District of Illinois, Western Division, plus costs.

                                              /s/Scott B. Gibson

Scott B. Gibson
GIBSON & KOPSICK, LTD.
415 W. Washington St., #103
Waukegan, IL  60085
847/263-5100
Attorney No. 06182702

## ADDENDUM TO ALL COUNTS

1. Exhibit "A" attached, is a statement from a qualified registered nurse who is a specialist in nursing home and rehabilitative care facility nursing that a reasonable and meritorious cause exists for the filing of this case.

2. Exhibit "B" attached, is the affidavit of Attorney Scott B. Gibson stating that he has concluded, on the basis of the health professional's review and consultation, that there is a reasonable and meritorious cause for the filing of this action.

_____
SCOTT B. GIBSON

GIBSON & KOPSICK, LTD.
Attorneys for Plaintiff
415 W. Washington St., #103
Waukegan, Illinois 60085
(847) 263-5100
Attorney I.D. No. 06182702

## EXPERT AFFIDAVIT UNDER OATH PURSUANT TO SECTION 2-622

I am a Registered Nurse who is licensed to practice nursing in the State of Illinois. I have been and continue to actively practice nursing for over 25 years including being Director of Nursing at a long-term care nursing facility. I have knowledge of the appropriate standard of care of registered nurses and nurses' assistants who render care and treatment to a person such as Marjorie Soska.

I have reviewed the following medical records in regard to Marjorie Soska:

- The Fountains at Crystal Lake
- Northern Illinois Medical Center

It is my opinion after reviewing the above-identified records and materials that based upon a reasonable degree of nursing certainty there is a reasonable and meritorious cause for the filing of a negligence lawsuit due to the violations of the standard of care by the nursing staff at The Fountains at Crystal Lake Nursing and Rehabilitation Center, Crystal Lake, Illinois.

In general, the basis for my opinion is that the nursing staff failed to provide the required standard of care for Marjorie Soska as follows:

- Failed to properly assess the patient
- Failed to properly prepare for the admission of the patient
- Failed to properly supervise the patient
- Failed to take required action in regard to Marjorie Soska's fall risk
- Allowed Marjorie Soska to be alone without any fall protection at a time when they knew that she had a high risk for falls
- Failed to implement required safety and fall precautions

The above departures from the required standard of care by the nursing staff of The Fountains at Crystal Lake Nursing and Rehabilitation Center were a cause of Marjorie Soska's injuries.

_____
Patricia DiFiglio, R.N.

5/1/08
Date



## AFFIDAVIT OF PLAINTIFF'S ATTORNEY

Scott B. Gibson, being first duly sworn, states:

1. The affiant is one of the attorneys for the plaintiff;

2. Before filing this Complaint, affiant consulted and reviewed the facts of this case with a health professional who affiant believes is knowledgeable in the relevant issues involved in the this particular case;

3. The respective reviewing health professional practices in the same specialty as the respective defendants. The written affidavit of the reviewing health professional is attached hereto;

4. Affiant has concluded on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for filing of this action.

SCOTT B. GIBSON

GIBSON & KOPSICK, LTD.
Attorneys for Plaintiff
415 W. Washington St., #103
Waukegan, Illinois 60085
(847) 263-5100
Attorney I.D. No. 06182702

EXHIBIT "B"